## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 09 2016, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Taurean Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 9, 2016

Court of Appeals Case No.
34A02-1601-CR-226

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause Nos.
34D01-1305-FB-384
34D01-1406-FA-504

**Baker, Judge.**

[1] Taurean Jones appeals the trial court's determination that he was competent to stand trial. Finding no reversible error, we affirm.

# Facts

[2] On January 29, 2014, Jones pleaded guilty in Cause Number 34D01-1305-FB-384 (Cause 384) to class B felony dealing in cocaine. He was sentenced to 4,380 days of home detention, with 2,190 days suspended to probation.

[3] On June 30, 2014, while on home detention for Cause 384, Jones was charged with new, unrelated offenses. Specifically, the State charged Jones with two counts of class A felony dealing in cocaine and one count of class A felony dealing in a narcotic drug under Cause Number 34D01-1406-FA-504 (Cause 504). At the July 10, 2014, initial hearing in Cause 504, the trial court appointed two doctors to examine Jones so that the trial court could determine whether he was competent to stand trial. The State eventually filed a notice of non-compliance in Cause 384 based on the new charges in Cause 504.

[4] Neuropsychologist Dr. Paul Roberts examined Jones on August 1, 2014. Dr. Roberts learned that Jones had suffered a traumatic brain injury in 2012 when he was shot in the head. Dr. Roberts ran a number of assessments of Jones and found that he was impaired or moderately impaired across all measures. After this examination, Dr. Roberts concluded that Jones was unable to understand the charges against him, the courtroom proceedings, and the possible ramifications if he were found guilty, ultimately opining that Jones was not competent to stand trial.

On August 15, 2014, clinical psychologist Dr. Don Olive examined Jones. Dr. Olive learned that, following Jones's brain injury, he had received comprehensive treatment and had an excellent recovery. Based on his examination, Dr. Olive found that Jones exhibited average to low average cognitive abilities. Dr. Olive found that Jones understood the charges against him and was able to recite what charges he faced and what the trial judge's name was. Jones also mentioned that he had been in the courtroom twice and that his bond reduction had been denied. Although Jones was initially unclear about the roles of the prosecutor and the jury, after an explanation, he understood both. Dr. Olive concluded that Jones was competent to stand trial.

On October 31, 2014, the trial court held a competency hearing and ordered further evaluation of Jones. On November 10, 2014, Dr. Olive examined Jones a second time. The doctor found that Jones was alert and fully oriented, that his speech was within normal limits in terms of content and process, and that his thought process was coherent and goal oriented. Jones was able to restate the charges against him after Dr. Olive enumerated them, and Jones added that he understood the charges were serious. He was able to tell Dr. Olive about both of the attorneys representing him and his meetings with them. Ultimately, Dr. Olive found that Jones understood the charges against him and the potential sentence if convicted and that there was no evidence of mental disease or defect (though he did diagnose Jones with mild neurocognitive disorder because of his traumatic brain injury).

On November 19, 2014, Dr. Roberts examined Jones a second time. Dr. Roberts found that Jones exhibited difficulties with comprehension, memory, and attention, though the doctor noted that Jones's speech and thought patterns were fluent, logical, and cogent most of the time. Dr. Roberts found Jones to be below average functioning and concluded that Jones was unable to understand the charges against him, the possible ramifications if found guilty, and the courtroom proceedings. Ultimately, Dr. Roberts found that Jones did not "possess adequate cognitive capacity to stand in his own defense" and concluded that he was not competent to stand trial. Appellant's App. p. 333.

On April 10, 2015, the trial court held another competency hearing. At this hearing, the trial court found Jones competent to stand trial, reasoning as follows:

> As counsel has alluded to, we have conflicting doctor's opinions. Dr. Roberts' opinion and the reports are very thorough. He uses more words but I don't think he is any better qualified than Dr. Olive. The concern I have in this particular case, is that if we find that Mr. Jones is incompetent to stand trial then he ends up in a state mental hospital probably for the rest of his life, if Dr. Roberts is to be believed. While I obviously do not condone people allegedly on home detention continuing to commit crimes, if we assume that Mr. Jones did exactly what he's accused of doing, that doesn't justify a light sentence which is what we're doing if we find him to be incompetent. Because of the seriousness of the charges, he would be held in a maximum security mental institution facility. And I think that clearly that is not in his best interest nor in the best interest of the State of Indiana. So at this point in an effort to keep this case moving forward, I'm going to find that Mr. Jones is competent to stand trial.

Tr. p. 57-58. Following a jury trial, the jury found Jones guilty of class A felony dealing in a narcotic drug and not guilty of the remaining charges in Cause 504. The trial court found that Jones had violated the terms of his home detention in Cause 384, ordering that the remainder of his sentence in that cause—1,858 days—be executed. In Cause 504, the trial court sentenced Jones to thirty years incarceration with ten years suspended. The trial court ordered the two terms to be served consecutively. Jones now appeals.

## Discussion and Decision

[9] Jones argues that the trial court erroneously determined that he was competent to stand trial. A defendant is competent to stand trial if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). We review a trial court's determination of a defendant's competency to stand trial under the clearly erroneous standard, reversing only if the determination is unsupported by the facts and circumstances before the trial court together with any reasonable inferences to be drawn therefrom. *Edwards v. State*, 902 N.E.2d 821, 824 (Ind. 2009).

[10] Initially, we note our discomfort with much of the trial court's reasoning. We do not believe that a competency determination should be based on whether the defendant will end up in a state mental institution, whether such a commitment would be in the defendant's best interests, whether such a commitment would

be in the State's best interests, or a desire to keep the case "moving forward[.]" Tr. p. 57-58; *see Galloway v. State*, 938 N.E.2d 699, 716 (Ind. 2010) (finding, in the context of determining whether a defendant was insane at the time he committed the offense, that the trial court was not permitted to take into consideration what may or may not happen to the defendant in the future or the current state of the mental health system). None of these considerations are remotely relevant to determining whether Jones had a present ability to consult with his lawyer with a reasonable degree of rational understanding or whether he had a rational and factual understanding of the proceedings against him.

[11] All of that said, the trial court had two expert opinions to consider. Dr. Roberts and Dr. Olive reached opposite conclusions about Jones's competency to stand trial. It was for the trial court to evaluate and weigh the expert opinions. The trial court noted that although Dr. Roberts's written opinions may have been longer, Dr. Olive was just as qualified to render an opinion regarding Jones's competency. We infer that the trial court chose to credit Dr. Olive's opinion over Dr. Robert's, and we will not second-guess this assessment. Because Dr. Olive found Jones to be competent, we cannot say that the trial court's competency determination was unsupported by the facts and circumstances before it. Therefore, given our standard of review, we are compelled to find that the trial court's determination that Jones was competent to stand trial was not clearly erroneous.

The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.